IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Fernando Montes Saenz, | ) | C/A No. 0:13-150-DCN-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Larry Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Fernando Montes Saenz ("Saenz"),[1] a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 31.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Saenz was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 33.) Saenz filed a response in opposition. (ECF No. 36.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Saenz's Petition denied.

## BACKGROUND

Saenz was indicted in March 2006 in Oconee County for trafficking in cocaine, more than 400 grams (06-GS-37-406). (App. at 369-70, ECF No. 32-2 at 184-85.) Saenz was represented by Beattie Ashmore, Equire, and David Almaraz, Esquire, and on November 27, 2006 waived his right

---

[1] The court observes that the record contains references to the petitioner as "Saenz", "Montes-Saenz", "Montez", "Montes", and "Saenz-Montes".



to a trial by jury and requested a bench trial.  (App. at 166-68; ECF No. 32-1 at 167-69.)  Prior to trial, Saenz moved to suppress the drugs that were found in the vehicle during the search.  The court denied the motion.  (App. at 160-65, ECF No. 32-1 at 161-66.)  The circuit court found Saenz guilty as charged and sentenced him to thirty-years' imprisonment.  (App. at 200, 205; ECF No. 32-2 at 14, 19.)

Saenz timely appealed and continued to be represented by Beattie Ashmore, Esquire, who filed a final brief on Saenz's behalf that presented the following issue:

> Did the trial court commit error when it denied the Appellant's motion to suppress evidence seized during a search of his automobile?

(App. at 233, ECF No. 32-2.)  The State filed a final brief on January 31, 2008.  (App. at 244-58, ECF No. 32-2 at 58-72.)  On October 9, 2008, the South Carolina Court of Appeals issued an order affirming the decision of the lower court.  (State v. Saenz-Montes, Op. No. 08-UP-548 (S.C. Ct. App. 2008); App. at 259-60, ECF No. 32-2 at 73-74.)  The remittitur was issued on October 27, 2008.

Saenz filed a *pro se* application for post-conviction relief ("PCR") on April 20, 2009 in which he raised claims of (1) ineffective assistance of trial counsel in that counsel "failed to investigate, res[e]arch and familiarize himself with the fact[s] and circu[m]stances of the traffic stop before moving to sup[p]ress"; (2) ineffective assistance of trial counsel in that counsel "allow[ed] the State, without objection to charge, convict, and sentence [Saenz] under an indictment obtained through willful acts of perjury and prosecutorial misconduct"; and (3) due process violation.  (Montes-Saenz v. State of South Carolina, 09-CP-37-49; App. at 261-92, ECF No. 32-2 at 75-106.)  The State filed a return.  (App. at 293-97, ECF No. 32-2 at 107-11.)  On March 14, 2011, the PCR



court held an evidentiary hearing at which Saenz appeared and testified and was represented by Tjay Bagwell, Esquire.  At the hearing, the only argument presented by counsel for Saenz was that trial counsel was ineffective in failing to adequately argue the motion to suppress.  By order filed May 25, 2011, the PCR judge denied and dismissed with prejudice Saenz's PCR application.  (App. at 364-68, ECF No. 32-2 at 179-83.)

Saenz appealed.  On appeal, Saenz was represented by Dayne Phillips, Esquire, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed a petition for a writ of certiorari on Saenz's behalf that presented the following issue:

> Did the PCR court err in finding that trial counsel provided effective assistance of counsel where trial counsel's deficient investigation hindered his ability to cross-examine a key witness in Appellant's trial when trial counsel failed to subpoena Officer Colegrove's history of drug related searches where he initially issued a warning ticket, then conducted an exterior dog sniff based on his belief that "crime was afoot," and where his dog "alerted," but no drugs were found during the search?

(ECF No. 32-6 at 3.)  The State filed a return.  (ECF No. 32-7.)  On October 17, 2012, the South Carolina Supreme Court issued an order denying Saenz's petition for a writ of certiorari.  (ECF No. 32-8.)  The remittitur was issued November 6, 2012.  (ECF No. 32-9.)  This action followed.

## FEDERAL HABEAS ISSUES

Saenz's federal petition for a writ of habeas corpus raises the following issues:

**Ground One:**  Did the trial court err[] when it denied [Saenz's] motion to suppress evidence[?]
**Supporting facts:**  The drugs were seized illegally therefore should have been suppressed

**Ground Two:**  Failure to investigate search
**Supporting facts:**  Failed to research and make [himself] familiar with the case

**Ground Three:**  Failure to move to suppress eviden[ce] during traffic[] stop
**Supporting facts:**  Did not do supp[r]essing correctly

PJG

**Ground Four:** Ineffective Assistance
**Supporting facts:** Did cou[n]sel provid[e] effective assistance where trial cou[n]sel[']s deficient investigation hindered his ability to cross-examine key witnesses[?].

(Pet., ECF No. 1.)

## DISCUSSION

### A.     Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere

allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. <u>See</u> Fed. R. Civ. P. 56(c)), (e); <u>Celotex Corp.</u>, 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, <u>see</u>, <u>e.g.</u>, <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

**B.    Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Williams v. Taylor</u>, 529 U.S. 362, 410 (2000); <u>see</u> <u>also</u> <u>Harrington v. Richter</u>, 131 S. Ct. 770, 785 (2011); <u>Humphries v. Ozmint</u>, 397 F.3d 206 (4th Cir. 2005); <u>McHone v. Polk</u>, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).



"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

## C.    Exhaustion Requirements

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir.



2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.    Summary Judgment Motion**

    **1.    Procedural Bar**

The respondent first argues, and Saenz does not appear to disagree, that Grounds Two, Three, and Four—which raise various claims of ineffective assistance of counsel—are procedurally barred from federal habeas review. Specifically, the respondent argues that Grounds Two and Four are procedurally defaulted under Coleman as these claims, while raised in Saenz's PCR application, were not ruled on by the PCR court. Further, Saenz did not file a motion under Rule 59(e), SCRCP,



asking the PCR judge to make specific findings of fact and conclusions of law on either of these allegations. Therefore, these claims were not properly preserved for appellate review under state procedural rules and would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. See Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . ."); see also Coleman, 501 U.S. 722 (stating that if an issue is not *properly* raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Lawrence, 517 F.3d at 714. The respondent further argues that Ground Three is also procedurally defaulted. While this issue was presented to the PCR court, Saenz failed to present this issue to the South Carolina Supreme Court. See Coleman, 501 U.S. 722.

Accordingly, Grounds Two, Three, and Four are procedurally barred unless Saenz can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," which he has failed to demonstrate, or even allege. See Coleman, 501 U.S. at 750.

### 2. Fourth Amendment Claim

Saenz's remaining claim raises an argument under the Fourth Amendment to the United States Constitution that the trial court erred when it denied Saenz's motion to suppress evidence. However, a petitioner's allegations of a violation of the Fourth Amendment as a freestanding claim cannot constitute grounds for habeas relief unless he demonstrates that he did not have a full and fair opportunity to litigate this claim in state court. See Stone v. Powell, 428 U.S. 465, 494 (1976) (concluding that "where the State has provided an opportunity for full and fair litigation of a Fourth



Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial"); Doleman v. Muncy, 579 F.2d 1258, 1265 (4th Cir. 1978) (applying Stone and holding that where a state court provides a mechanism under state practice to litigate Fourth Amendment claims, then the court "need not inquire further into the merits of the petitioner's case . . . unless the prisoner alleges something to indicate his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired").  In this case, Saenz was provided with an opportunity to present his Fourth Amendment claim during a two-day suppression hearing at the trial court and thereafter on appeal to the South Carolina Court of Appeals.  Therefore, having determined that Saenz was provided an opportunity for full and fair litigation of his Fourth Amendment claim in accordance with Stone and Doleman, the court "need not inquire further into the merits of [Saenz's] case." Doleman, 579 F.2d at 1265.  Accordingly, Saenz is not entitled to federal habeas corpus relief on this ground.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 31) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 3, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).